JS - 6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDA FRIAL, | CASE NO. ED CV 10-609 DOC (AGRx) |
| Plaintiff(s), | Riverside County Superior Court Case No. RIC535895 |
| v. | |
| KAISER PERMANENTE; KAISER FOUNDATION HEALTH PLAN, INC.; and DOES 1 through 10, inclusive., | <u>O R D E R</u> REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT |
| Defendant(s). | |

This cause comes before the Court on its own initiative, upon review of the Notice of Removal, filed April 26, 2010.  *See* Docket No. 1.  According to the Notice of Removal, Plaintiff Erlinda Frial ("Plaintiff") filed the instant lawsuit in the Superior Court of the State of California, County of Riverside, on September 10, 2009, alleging two causes of action for age discrimination and wrongful termination in violation of public policy.  On October 28, 2009, Plaintiff served the summons and complaint on Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") *See* Notice of Removal ¶ 2.  On December 3, 2009, Kaiser filed an answer to

1  Plaintiff's complaint. *Id.* ¶ 3. On January 7, 2010, Plaintiff filed a request for dismissal seeking
2  to dismiss Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Permanente without
3  prejudice. *Id.* ¶ 4.  Plaintiff filed an amendment to her state court complaint on January 7, 2010,
4  naming Defendant Kaiser Foundation Hospitals ("KFH") as Doe 1.  *Id.* ¶ 5.  On February 8,
5  2010, KFH filed its answer to Plaintiff's complaint. *Id.* ¶ 6.  The parties held a case management
6  conference before the Honorable David E. Weathers on March 15, 2010.  *Id.* ¶ 7.
7          Plaintiff alleges in relevant part that Defendant terminated her without due or just
8  cause and on the impermissible basis of her age.  Plaintiff alleges that Defendant's actions
9  violated California's Fair Employment and Housing Act (FEHA).
10         On March 29, 2010, KFH took the deposition of Plaintiff, during which counsel
11  for KFH initiated a line of questioning directed at alternate explanations for Plaintiff's
12  termination.  Plaintiff testified that she believed her termination issued, in part, as a result of
13  Defendant's unwillingness to compensate her for certain vested retirement benefits.  *See* Notice
14  of Removal ¶ 9. On the basis of Plaintiff's testimony, Defendant argues that "Plaintiff contends
15  that KFH's actions were taken in order to deny her benefits under" an ERISA covered plan. *Id.*
16  ¶ 11.
17         Federal court removal is governed by 28 U.S.C. § 1441, which provides in
18  pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action
19  brought in a State court of which the district courts of the United States have original jurisdiction
20  may be removed by the defendant or the defendants to the district court of the United States for
21  the district and division embracing the place where such action is pending."  The party seeking
22  removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House*
23  *Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  Furthermore, courts construe the removal statute
24  strictly against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any
25  doubt as to the right of removal in the first instance, remand must be granted.  *See id.*
26         KFH claims that removal is proper under 28 U.S.C. §§ 1331 and 1441 because
27  ERISA preempts state law claims that, *inter alia*, arise out of adverse employment action against
28  an "ERISA plan participant or beneficiary for the purpose of interfering with prospective benefit

1  rights." Notice of Removal ¶¶ 11(b) and 12.

2  Under ERISA, there are two types of preemption: complete preemption and
3  conflict preemption. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945
4  (9th Cir. 2009). "[C]omplete preemption applies, and thus removal is permissible, when the
5  complaint asserts state law claims that fall within the scope of [29 U.S.C.] § 1132(a)."
6  *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1988). Conflict preemption, on the other
7  hands, applies when the provisions of ERISA "supersede any and all State laws insofar as they
8  may now or hereafter relate to any employee benefit plan" created under ERISA. 29 U.S.C.
9  § 1144(a).

10 Plaintiff's state court complaint does not allege a federal claim on its face. The
11 complaint's first cause of action for age discrimination does not allege that any Defendant
12 terminated Plaintiff in an attempt to avoid the payment of vested retirement benefits to Plaintiff.
13 Rather, the plain language of the Complaint alleges that Plaintiff was terminated on the basis of
14 her age – she was 69 years old at the time of her termination. State law claims for age
15 discrimination are not uniformly preempted by ERISA. *See Ingersoll-Rand v. McClendon*, 498
16 U.S. 133, 140, 111 S.Ct. 478 (2990) (holding that the court must examine the complaint for
17 allegations that "the employer had a pension-defeating motive in terminating the employment");
18 *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1311 (9th Cir. 1997) (stating that the "preemptive
19 power of ERISA is not without limit").

20 Nor is this a case in which the Complaint was "artfully pleaded" to avoid federal
21 jurisdiction. *See Franchise Tax Construction Laborers Vacation Trust Board*, 463 U.S. 1, 103
22 S.Ct. 2841 (1983); *see also Olgun v. Inspiration Consol. Cooper Co.*, 740 F.2d 1468, 1472 (9th
23 Cir. 1984) (holding that the court may consider sources outside the complaint to determine
24 whether the complaint is "artfully pleaded" to avoid federal jurisdiction). In her deposition
25 testimony, Plaintiff made no representation that the theory of the case, let alone the Complaint,

involved a claim for termination in order to deny retirement benefits.[1]  She merely offered one explanation for her termination as it occurred to her on the day of the deposition.  There was no indication that Plaintiff's response was directed by her counsel.  Nor is there any reason to believe that Plaintiff intends proceed in this lawsuit on the basis of the off-hand remark made during her deposition.[2]

Defendant has failed to satisfy its burden of establishing the existence of federal jurisdiction.  Accordingly, the Court REMANDS this case to Riverside County Superior Court.

IT IS SO ORDERED.

DATED: May 5, 2010

_____
DAVID O. CARTER
United States District Judge

---

[1] Even if Plaintiff were to have brought claims arising under ERISA, the Court would decline supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  The progress of the state court litigation, coupled with the dissimilarity between the state law claims and the hypothetical ERISA claim, renders the exercise of supplemental jurisdiction imprudent.

[2] Further, the content of the leading question – "Do you believe that you were terminated because Kaiser didn't want you to vest in the retirement plan?" – suggests that counsel had ascertained the potential for ERISA-related claim on the basis of papers erceivedprior to the deposition, rendering removal untimely.  See 28 U.S.C. § 1446(b).